Kristy Peters; AZ Bar No. 024756
kpeters@littler.com
Josh Waltman; AZ Bar No. 023874
jlwaltman@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:     602.957.1801

Attorneys for Defendants Genoa Healthcare, LLC,
Katie Lozano, and Jorge Lozano

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose A. Karam, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 US.C. § 1367 (SUPPLEMENTAL)** |
| v. | |
| Nina Vadiei; Joseph Backlund; Banner-University Medical Center South Campus; Kathryn Marie Limke (Katie Lozano); Jorge Lozano; and Genoa Healthcare, LLC, | (Removed from Pima County Superior Court, Case No. C20201937) |
| Defendants. | |

**TO:  CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

PLEASE TAKE NOTICE that Defendants Genoa Healthcare, LLC ("Genoa" or "Defendant"), Kathryn Marie Limke (Katie Lozano), and Jorge Lozano (Katie and Jorge Lozano are collectively referred to as the "Lozanos") (Genoa and the Lozanos are collectively referred to as the "Genoa Defendants") hereby remove the above-captioned action ("Action") from the Superior Court of the State of Arizona, County of Pima, to the United States District Court for the District of Arizona. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 (supplemental to 28 U.S.C. § 1331), and the Action is removable under 28 U.S.C. §§

1441, 1446, and Local Rule of Civil Procedure 3.6.[1]

1. On May 4, 2020, Plaintiff Rose A. Karam ("Plaintiff") filed a Complaint in the Pima County Superior Court, entitled *Rose A. Karam v. Nina Vadiei; Banner University Medical Center-South Campus; Kathryn Marie Limke (Katie Lozano); Jorge Lozano; Genoa Healthcare, LLC,* case No. CV20201937. A true copy of Plaintiff's Complaint in the Action (the "Complaint") is attached to this Notice of Removal as **Exhibit 1.** The allegations of the Complaint are incorporated by reference without admitting the truth of any of them.

2. On August 3, 2020, Genoa's statutory agent was served with a copy of the Summons and Complaint.  A true and correct copy of the Summons and Complaint are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached as **Exhibit 2**.

3. On August 3, 2020, the Lozano's were served with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached as **Exhibit 3**.

4. On August 13, 2020, Plaintiff filed an Amended Complaint.  A true copy of Plaintiff's Amended Complaint in the Action (the "Amended Complaint") is attached to this Notice of Removal as **Exhibit 4.** Genoa Defendants voluntarily accepted service through counsel.  The Complaint and Amended Complaint allege two causes of action for defamation and civil conspiracy.  *See* Exhibits 1 and 4.

5. Notice of this removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within 30 days after the Genoa Defendants were served with the summons and complaint in this Action.

6. In a prior lawsuit before this Court, CV-18-00455-RCC, ("First Lawsuit") Plaintiff filed claims alleging, among other things, violation of the Americans with Disabilities Act and Rehabilitation Act, defamation, and civil conspiracy arising out of her rotation at Geona and Banner, as supervised by Katie Lozano (Limke) and Nina Vadiei.  A true and correct copy of the second amended complaint from the First Lawsuit (the operative complaint

---

[1] Defendants do not waive their right to assert personal jurisdiction arguments.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

in the First Lawsuit) is attached as **Exhibit 5**. The Court had federal question jurisdiction over the Americans with Disabilities Act and Rehabilitation Act claims, and supplemental jurisdiction over the defamation and civil conspiracy claims. On December 17, 2019, the Court dismissed all claims against all defendants (including Genoa and Banner University Medical Center, hereinafter "Banner"), except the Arizona Board of Regents ("AZBOR"), which is still litigating the First Lawsuit before this Court. A true and correct copy of the order of dismissal is attached as **Exhibit 6**. The dismissal was with prejudice, and the Court expressly stated Plaintiff already had multiple opportunities to amend. *See* Exhibit 6. The Court did not include Rule 54(b) language in its order on the parties' motion to dismiss. *See* Exhibit 6. The Court retains jurisdiction over the claims that form the basis for removal.

7. The defamation and civil conspiracy claims brought against Genoa and Banner in the present Action are nearly identical to the defamation and civil conspiracy claims brought against Genoa and Banner in the First Lawsuit. *Compare* Exhibit 4 (Amended Complaint in Second Lawsuit) *with* Exhibit 5 (Second Amended Complaint in First Lawsuit). They are based on the same case or controversy as the federal question claims in the First Lawsuit. A partial side-by-side comparison of factual allegations in First Lawsuit and Second Lawsuit is attached to highlight shared factual allegations. *See* **Exhibit 7** (partial side-by-side comparison of allegations in First Lawsuit and Second Lawsuit for demonstrative purposes). In both lawsuits, Plaintiff alleges Katie Lozano (Limke) and Nina Vadiei defamed her by providing false evaluations of her work during her rotations at Genoa and Banner.

8. Under 28 U.S.C. § 1367, federal courts have supplemental jurisdiction over state claims arising from the "same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004); *Mamboleo v. Wells Fargo Bank NA*, No. CV-14-00648-PHX-DGC, 2014 WL 11515708, at *1 (D. Ariz. May 21, 2014), *aff'd*, 688 F. App'x 418 (9th Cir. 2017) (Federal courts can exercise jurisdiction over state law claims that are "so related to claims in the action within the [c]ourt's original jurisdiction that they form part of the same case or controversy."). "State law claims that are

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-

related to federal question claims are removable under the doctrine of supplemental jurisdiction when they arise from the same set of operative facts as the federal claim." *Harris v. Superior Court of Arizona in for the Cty. of Maricopa*, No. CV 02-0494-PHX-SMM, 2002 WL 35646297, at *3 (D. Ariz. Dec. 26, 2002) (exercising supplemental jurisdiction and denying motion to remand where state law claims, including defamation, were intertwined with federal discrimination and due process claims) citing 28 U.S.C. § 1367. Plaintiff is attempting to circumvent this Court's order dismissing these claims with prejudice by filing the same claims based on the same operative facts in state court. Because the Court had supplemental jurisdiction over these claims in the First Lawsuit, and because the First Lawsuit is ongoing before this Court (only defendant AZBOR remains in the First Lawsuit), the Court should exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. The Genoa Defendants will then promptly move to consolidate with the First Lawsuit and move to dismiss on several grounds, including failure to comply with the Court's prior order dismissing these claims with prejudice, res judicata, collateral estoppel, statute of limitations, failure to meet pleading standards, and other applicable grounds.

9.   As to the individual defendants in the matter being removed, they are named as the agents or employees of Genoa and Banner, and the allegations and claims (defamation and civil conspiracy) are again duplicative of those dismissed in the First Lawsuit. *Compare* Exhibit 4 (Amended Complaint in this Action) *with* Exhibit 5 (Second Amended Complaint in First Lawsuit); *see also* Exhibit 6; Exhibit 7. Specifically, Katie Lozano is named in the First Lawsuit and this Action being removed because she worked for Genoa instructing pharmacy school students, including Plaintiff. The allegations against Katie Lozano are repeated from the First Lawsuit. Jorge Lozano is named only as Katie Lozano's spouse. *See* Exhibit 4. Likewise, Nina Vadiei is named in the First Lawsuit and this Action being removed because she worked for Banner instructing pharmacy school students, including Plaintiff, and the allegations against Nina Vadiei are repeated from the First Lawsuit. *Compare* Exhibit 4 *with* Exhibit 5; *see also* Exhibit 6; Exhibit 7. Joseph Backlund is named only as Nina Vadiei's

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

spouse. *See* Exhibit 4. Thus, the Action being removed is the exact case, sometimes word for word and other times with slight embellishments, that this Court dismissed with prejudice. This Court should accept jurisdiction. Genoa and the Lozanos (and likely Banner and Ms. Vadiei and Mr. Backlund) then anticipate filing a motion to dismiss.

10. The Notice to Adverse Parties of Removal to Federal Court was filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. §1446(d), and a copy is attached as **Exhibit 8**.

11. The Notice to State Court of Removal of Civil Action to Federal Court was filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached as **Exhibit 9.**

12. A complete set of documents on file in the state court Action are attached as **Exhibit 10.**

13. There are six Defendants named in the operative complaint. See Exhibit 4 (Amended Complaint in this Action). Three Defendants, Genoa, Katie Lozano, and Jorge Lozano, bring this Notice of Removal. The remaining three Defendants, Banner, Nina Vadiei, and Joseph Backlund), have consented to removal. Therefore, all Defendants who are not a party to this Notice of Removal have consented to removal. See 28 U.S.C. § 1446(b)(2)(A) (requiring consent of all defendants who have been properly served). Proof of consent of all Defendants who are not a party to this Notice of Removal (that is, Banner, Nina Vadiei, and Joseph Backlund) is attached hereto as **Exhibits 11-12.**

DATED this 2nd day of September, 2020.

       *s/Josh Waltman*
       Kristy Peters
       Josh Waltman
       LITTLER MENDELSON, P.C.
       Attorneys for Defendant Genoa Healthcare and the Lozanos

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-5-

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 2nd day of September, 2020:

Rose Ann Karam
3501 N. Camino Esplanade
Tucson, AZ 85750
rosekaram@protonmail.com
*Plaintiff Pro Se*

Jason D. Corley
Assistant Attorney General
416 W. Congress St, 2nd Floor
Tucson, Arizona 85701-1315
Jason.Corley@azag.gov
*Attorneys for Nina Vadiei and Joseph Backlund*

Jill J. Chasson
Katherine Hyde
Coppersmith Brockelman PLC
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-1241
jchasson@cblawyers.com
khyde@cblawyers.com
*Attorneys for Banner-University Medical Center South Campus*

  s/ Suzy Walker

4851-8254-3047.2 047515.1524

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-