**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose A Karam, | No. CV-20-00377-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Nina Vadiei, et al., | |
| Defendants. | |

On September 2, 2020, Defendants filed a Notice of Removal of Civil Action Under 28 U.S.C. § 1367 (Supplemental). (Doc. 1.) Upon review of the notice and attached documents, the Court will remand this action to state court.

Defendants seek to remove the pending action, asserting that it is related to Plaintiff Karam's September 13, 2018 complaint which alleged claims under state law, the Americans with Disabilities Act, and Rehabilitation Act. *See* CV-18-00455-RCC. In that case, the Court dismissed all claims against Defendants Genoa Healthcare, LLC, and Banner University Medical Center with prejudice. The claims against Defendant Arizona Board of Regents are still pending before the Court.

Plaintiff filed the present action in state court on August 13, 2020. Plaintiff's complaint alleges only state law claims. Defendants seek to remove the action to this Court because the defamation and civil conspiracy claims brought against Defendants Genoa and Banner in the new action are nearly identical to the defamation and civil conspiracy claims brought against Genoa and Banner in the 2018 lawsuit. Defendants

assert that the Court may exercise supplemental jurisdiction over the new state law claims pursuant to 28 U.S.C. § 1367.

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statutes[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Section 1367 grants the district courts power to exercise supplemental jurisdiction over "all other claims that are so related to claims in the action" when the district court has original jurisdiction "in any civil action." 28 U.S.C. § 1367(a). The language of § 1367 "require[s] that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997); *see Peacock v. Thomas*, 516 U.S. 349, 355 (1996) ("In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction.").

The complaint in this case alleges neither diversity of citizenship nor a federal claim, and, as explained above, the supplemental jurisdiction bestowed by § 1367 is not a source of original jurisdiction. Without any basis for original jurisdiction in this action, the action must be remanded to state court.

//

//

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall **REMAND** this action to state court.

Dated this 14th day of September, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge